1
2
3
4
5
6
7
8
9
10
11
12
13
14             **UNITED STATES DISTRICT COURT**
15             **CENTRAL DISTRICT OF CALIFORNIA**
16             **WESTERN DIVISION**
17

LSH CO and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for LSH CO,

          Plaintiffs,

    v.

TRANSAMERICA LIFE INSURANCE COMPANY,

          Defendant.

**Case No. 18-cv-09711-SJO-KS**

**[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER**

**1.    A.  PURPOSES AND LIMITATIONS/GOOD CAUSE STATEMENT**

Discovery in this action is likely to involve production of confidential and proprietary actuarial, business, technical, and financial information as well as private information of Plaintiffs LSH CO ( "<u>LSH</u>") and Wells Fargo Bank, National Association ("<u>Wells Fargo</u>"), as securities intermediary for LSH (LSH and Wells Fargo together, "<u>Plaintiffs</u>"), and for Defendant Transamerica Life Insurance Company ("<u>TLIC</u>"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs and <u>TLIC</u> hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("<u>Protective Order</u>" or "<u>Order</u>").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and the Court's Guide to Electronically Filing Under Seal Documents in Civil Cases set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.    GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer/policy owner data and proprietary product pricing information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial

information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.    DEFINITIONS**

2.1    <u>Action</u>: *LSH CO, et al. v. Transamerica Life Insurance Company*, Case No. 2:18-cv-09711-SJO-KS.

2.2    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>: Confidential proprietary or commercially sensitive business and financial information, trade secrets, and personal information (including, without limitation, personally identifiable information and information of a personal or intimate nature regarding any individual), which is not generally known or publicly available and which the Designating Party would not normally reveal to third parties or information that

otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this Action.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: A Party or Non-Party that designates information or items that it produces or that are produced in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a past or current employee of a Party or a current employee of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.8    "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>House Counsel</u>: Attorneys who are employees of a Party or of an entity that owns an interest in a Party and is responsible for controlling or directing the litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    <u>Party</u>: Any party to this Action, including its House Counsel, officers, directors, employees, consultants, and retained experts.

2.13    <u>Parent</u>: An entity that owns, or conducts the business affairs of, the Receiving Party and is responsible for controlling and directing the litigation.

2.14    <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."

2.17    <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.      SCOPE**

The protections conferred by this Order cover not only Protected Material (as

defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, their Counsel or their Experts that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which such protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to

impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) any Party may designate as Protected Material testimony given in a deposition or in other pretrial or trial proceedings by informing the reporter on the record during the deposition or by sending a letter to all attorneys of record and to the deposition reporter designating by page and line any portions of the transcript to be so restricted, or the entire transcript if applicable, within thirty (30) days after receiving the deposition transcript.

During this 30-day period, a transcript will be treated as if it had been designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

When deposition testimony is designated Protected Material by informing the reporter during the deposition, the transcript containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers-as appropriate) that have been designated as Protected Material.  The Designating Party shall inform the court reporter of these requirements.

A party who is aware that a person present at a deposition is not authorized under this Order to possess Protected Material shall inform the others present so that an "Acknowledgment and Agreement to Be Bound" (Exhibit A) can be signed or other waiver or consent of the Producing Party can be obtained.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  If the Parties cannot

resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality in compliance with Local Rule 37.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous designations or challenges, and those designations or challenges made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the respective Designating Party or Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Notwithstanding anything in this Protective Order, to the extent that TLIC produces documents in this Action that have been previously produced in other monthly deduction rate increase actions, including but not limited to *Feller v. Transamerica Life Insurance Company*, Case No. 2:16-cv-01378-CAS ("*Feller*"), *EFG Bank AG, Cayman Branch, et al. v. Transamerica Life Insurance Company*, Case No. 2:16-cv-08104-CAS-GJS ("*EFG*"), or *Thompson v. Transamerica Life*

*Insurance Company*, Case No. 2:18-cv-05422-CAS-GJS ("*Thompson*") , TLIC shall produce such previously produced documents using the Bates numbers used in the original production volumes. The treatment of Confidential Material in these previously produced documents in this Action will be governed by this Order.

      7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, to whom it is reasonably necessary to disclose the information for this Action;

      (b) the Receiving Party, including officers, directors, and employees (including House Counsel) of the Receiving Party, to whom disclosure is reasonably necessary for this Action;

      (c) the Receiving Party's Parents' officers, directors, employees, or consultants/advisors (1) to whom disclosure is reasonably necessary for this Action, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (e) the *Feller*, *EFG*, *Thompson* and *Hamra v. Transamerica Life Insurance Company*, Case No. 2:18-cv-06262-CAS-GJS ("*Hamra*") plaintiffs' counsel only as to Protected Material in or deriving from documents with a *Feller*, *EFG*, or *Thompson* Bates number, respectively, and for the avoidance of doubt, Plaintiffs will only disclose Protected Material to *Feller*, *EFG*, *Thompson* or *Hamra* plaintiffs' counsel if the Protected Material has already been disclosed to such

counsel;

> (f) the court and its personnel;

> (g) court reporters and their staff;

> (h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

> (i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

> (j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary (and who are not otherwise authorized to receive Protected Material) provided: (1) the deposing party or the Designating Party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any Confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

> (k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

> (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

> (b) Experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the witness signs the Acknowledgment; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the Acknowledgment.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be

pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (e.g. work product immunity), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended

to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the inadvertent or unintentional disclosure by the Producing Party of material that is privileged or subject to other protection shall not be deemed a waiver in whole or in part of the claim of privilege or other protection, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

Upon learning of an inadvertent or unintentional disclosure of privileged information, the Producing Party shall provide written notice to the parties who have received such information.  Within ten (10) business days of the date of that written notice, the documents or materials described in that notice shall be returned to counsel for the Producing Party or destroyed, and in the same time frame, any notes or other writing or recordings that copy, summarize, reflect, or discuss the content of the documents or materials shall be destroyed.

No use shall be made of such documents or materials from such inadvertent production during deposition or at trial, nor shall such documents or materials be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned.

If the Receiving Party intends to challenge the assertion of privilege, it must provide written notice within the ten-day period, explaining the grounds for its challenge.  The Receiving Party shall initiate the dispute resolution process under Local Rule 37.1 within ten (10) business days of date of service of the Receiving Party's notice disputing a claim of inadvertent production.

If the Parties cannot resolve a challenge without court intervention, the Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or material in compliance with Local Rule 37, but the motion shall not assert as a ground for production the fact of the

inadvertent production or disclosure. Pending the Court's ruling, the party challenging the assertion of privilege shall segregate the affected documents and materials and shall not make any use of such information.

## 12.  MISCELLANEOUS

12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4  The Parties agree that the terms of this Stipulated Protective Order will govern as of the date when it is filed.  To the extent the Court modifies any provision of this Stipulated Protective Order, the Parties will meet and confer in good faith regarding how to address those modifications for any documents previously produced.

## 13.  FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 10, 2019      HOLWELL SHUSTER & GOLDBERG LLP

By:        */s/ Avi Israeli*
               Avi Israeli

-and-

ORRICK, HERRINGTON & STUCLIFFE LLP

*Attorneys for Plaintiffs*
   LSH CO and WELLS FARGO BANK,
   NATIONAL ASSOCIATION, as securities
   intermediary for LSH CO


McDOWELL HETHERINGTON LLP

By:        */s/* Hutson B. Smelley
           Hutson B. Smelley

-and-

HINSHAW & CULBERTSON LLP

*Attorneys for Defendant*
TRANSAMERICA LIFE INSURANCE COMPANY


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: July 11, 2019

Judge Karen L. Stevenson
United States Magistrate Judge

-18-

## ECF ATTESTATION

I, Avi Israeli, am the ECF User whose ID and password are being used to file this [PROPOSED] STIPULATED PROTECTIVE ORDER.  In accordance with Local Rule 5- 4.3.4, concurrence in and authorization of the filing of this document has been obtained from Hutson Smelley, counsel for Defendant, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.


Dated:  July 10, 2019          HOLWELL SHUSTER & GOLDBERG LLP

By:        */s/ Avi Israeli*
           Avi Israeli

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____[date] in the case of *LSH CO, et al. v. Transamerica Life

Insurance Company*, Case No. 2:18-cv-09711-SJO. I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Stipulated Protective Order. I further agree to submit to the jurisdiction of the

United States District Court for the Central District of California for enforcing the

terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action. I hereby appoint

_____[print or type full name] of

_____[print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____